IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
────────────────────────────────

UNITED STATES OF AMERICA,

       v.                              10-CR-239-S

DONALD ROUNDS,
DEMARIO STEWART,
LORENZO HUNT,

         Defendants.
────────────────────────────────

**NOTICE OF MOTION AND MOTION FOR REMOVAL OF**
**COURT APPOINTED SECOND COUNSEL OR LEARNED COUNSEL**

      **PLEASE TAKE NOTICE** that upon the annexed affidavit of the undersigned, the government hereby moves this Court for removal of court-appointed second counsel or learned counsel for each above-named defendant.

      DATED:  Buffalo, New York, December 21, 2012.

                          Respectfully submitted,

                          WILLIAM J. HOCHUL, JR.
                          United States Attorney

                BY:   S/JOEL L. VIOLANTI
                    Assistant United States Attorney
                    United States Attorney's Office
                    Western District of New York
                    138 Delaware Avenue
                    Buffalo, New York  14202
                    716/843-5854
                    Joel.l.Violanti@usdoj.gov

```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
────────────────────────────────────
```

UNITED STATES OF AMERICA,

      v.                         10-CR-239-S

DONALD ROUNDS,
DEMARIO STEWART,
LORENZO HUNT,

          Defendants.

```
────────────────────────────────────
```

## **A F F I D A V I T**

STATE OF NEW YORK )
COUNTY OF ERIE    ) SS:
CITY OF BUFFALO   )

    **JOEL L. VIOLANTI**, being duly sworn, deposes and states:

    1.   I am an Assistant United States Attorney for the Western District of New York assigned to the prosecution of the instant Indictment.  As such, I am fully familiar with the facts and circumstances concerning the instant defendants and this investigation.

    2.   I make this affidavit in support of the government's motion for removal of court-appointed second counsel or learned counsel for each defendant charged in the instant indictment.

3.    On August 17, 2010, the defendants were originally indicted for a drug conspiracy.  John Molloy, Esq., was assigned to represent Demario Stewart, Barry Covert, Esq., was assigned to represent Lorenzo Hunt, and Robert Convissar, Esq., was assigned to represent Donald Rounds.  At the time this indictment was filed, it was reported, by the government, that the investigation was continuing and that a possible superseding indictment including Rico and capitol murder charges will be sought.  For cautionary reasons, the Court appointed second counsel for each of these defendants.

4.    Specifically, the Court appointed Jean Barrett, Esq., as second/ learned counsel for Demario Stewart, James Harrington, Esq., as second/ learned counsel for Lorenzo Hunt, and Colleen Brady, Esq., as second/ learned counsel for Donald Rounds.

5.    On June 1, 2012, a superseding indictment was handed down against the defendants.  On June 11, 2012, counsel for each of the defendants and the Court was notified of the government's intention not to seek the death penalty, and that a notice of intention to seek the death penalty <u>would not</u> be filed in this matter.[1]   As a

---

[1]The government advised that the decision with respect to co-defendant Johnny Rounds was deferred for the time being.

-3-

result of the government's decision not to seek the death penalty, this prosecution is no longer a capital one.  18 U.S.C. § 3005.

6.    As a result of the government's notification that it will not seek the death penalty in this case, the defendants' statutory rights to have second court-appointed counsel is extinguished. United States v. Douglas, 525 F.3d 225 (2d Cir. 2008).  It is clear that 18 U.S.C. § 3005 does not require the district court to continue the appointment of a second counsel who is learned in capital cases where, as here, the government has notified the Court and the parties that the death penalty will not be sought.  See In re Sterling-Suarez, 306 F.3d 1170, 1174-75 (1st Cir. 2002); United States v. Shepherd, 576 F.2d 719, 727-29 (7th Cir.) cert. denied, 439 U.S. 852 (1978); United States v. Wedell, 567 F.2d 767, 770-71 (8th Cir. 1977) cert. denied 436 U.S. 919 (1978).

7.    Furthermore, according to the June 2012, Death Penalty Reference Guide for the Office of the Clerk, United States District Court, Western District of New York, "if it is determined that the death penalty will not be sought, the Court should reduce the number of appointed counsel, unless there are extenuating circumstances."

8.   In this case there is neither a statutory right nor other extenuating circumstances exist for the court to continue to provide each defendant with two court-assigned attorneys at taxpayer expense.   The CJA Guidelines and the Clerk of the Court Death Penalty Reference Guide both instruct that, in cases such as this where the death penalty will not be sought, the court should, absent extenuating circumstances, make an appropriate reduction in the number of counsel.   In determining whether extenuating circumstances exist, the court should consider the following: (a) the need to avoid disruption in the proceedings; (b) whether the decision not to seek the death penalty occurred late in the litigation; (c) whether the case is unusually complex; and (d) any other factors that would interfere with the need to ensure adequate representation of the defendant.   Guidelines for the Admin. Of Criminal Justice Act, vol. VII, § A, ch. 6.02(B)(2).


9.   The Court should remove the second/learned counsel. First, the government's decision to not seek the death penalty in this case was related to counsel immediately upon the notification of the superseding indictment.   Second, in this case, defense motions have not yet been filed and, as a result, removal of second counsel will not disrupt any scheduled court proceedings.   Third, although this case is not routine, it is also not so unusually complex such that the experienced assigned attorneys remaining on

the case will not be able to adequately prepare for trial.    The Racketeering Acts alleged in the instant indictment principally involve violations New York murder statutes that each assigned counsel is well-qualified to handle.    Fourth, there are no other factors present to suggest that removal of second counsel would interfere with this case or the need to ensure effective representation of each defendant.    Specifically, each of the individual attorneys assigned to this matter are well-qualified to handle a non-capital case, such as this one.  Upon removal of court appointed second-counsel, each defendant will have adequate qualified legal representation at this stage of the proceedings who can adequately advise each defendant about their available options in either resolving this case pre-trial or preparing for and proceeding to trial.[2]

---

[2]Although this motion does not pertain to defendant Johnny Rounds at this time, it is anticipated that a decision with respect to the deferment of the "no seek" issue will be obtained in very short order.

**WHEREFORE**, the Government respectfully requests that the motion to remove court-appointed second counsel to each defendant be granted.


                                        S/JOEL L. VIOLANTI
                                        Assistant United States Attorney


Subscribed and sworn to before me

this 21 day of December 2012.


S/MADELINE C. MARRONE
COMMISSIONER OF DEEDS
In And For The City Of Buffalo, New York.
My Commission Expires December 31, 2012..

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
────────────────────────────────────

UNITED STATES OF AMERICA,

        v.                              10-CR-239-S

DONALD ROUNDS,
DEMARIO STEWART,
LORENZO HUNT,

        Defendants.
────────────────────────────────────


## CERTIFICATE OF SERVICE


I hereby certify that on December 21, 2012, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION FOR REMOVAL OF COURT APPOINTED SECOND COUNSEL OR LEARNED COUNSEL** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant on this case:

    Daniel J. Henry, Jr., Esq.
    Peter J. Pullano, Esq.
    James P. Harrington, Esq.
    Fonda D. Kubiak, Esq.
    J. Scott Porter, Esq.
    Robert N. Convissar, Esq.
    William T. Easton, Esq.
    Angelo Musitano, Esq.


                            S/MADELINE C. MARRONE