UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

LORENZO HUNT,

              Defendant.

**DECISION AND ORDER**
10-CR-239S (4)

## I. INTRODUCTION

Presently before this Court is Defendant Lorenzo Hunt's third motion in limine seeking preclusion of evidence, or in the alternative, severance from co-defendant DeMario Stewart. (Docket No. 650.) For the reasons that follow, Hunt's motion is denied.

## II. BACKGROUND

The government alleges that Johnny Rounds is the leader of a violent criminal enterprise—the "Rounds Crew"—that conspired to engage in drug-trafficking and violent criminal activity in the Broadway Market area of the City of Buffalo, NY. Lorenzo Hunt and his co-defendants are allegedly members of the Rounds Crew.

In 2009, the Rounds Crew began feuding with a rival group known as the "LRGP gang," which was trafficking drugs several blocks from where the Rounds Crew operated. The feud escalated when members of the LRGP gang allegedly broke into a Rounds Crew stash house and stole drugs, cash, jewelry, and clothing. Johnny Rounds allegedly told his crew that he wanted members of the LRGP dead in retaliation.

Soon after, members of the Rounds Crew began seeking out and shooting at LRGP members. LRGP members responded in kind. Amid the violence, three people were murdered: Brandon Haugabook; Larry Crosland; and Shawn Kozma. Defendants are now

variously charged in a superseding indictment with these three murders and numerous drug-trafficking and firearms-related offenses.

## III. DISCUSSION

Familiarity with the facts and underlying arguments is presumed.

Hunt seeks an order precluding the government from offering into evidence a letter written by co-defendant DeMario Stewart to government witness A.T. In the letter, Stewart makes several incriminating statements and further writes, presumably in reference to these criminal proceedings, that "I think the only person that can really get crushed is Zo." (Docket No. 650-1, p. 3.) "Zo" is allegedly a reference to Hunt. Hunt seeks preclusion of the letter under Bruton, or alternatively, severance from Stewart on the basis that the introduction of the letter into evidence will create unfair spillover from Stewart to Hunt. The government opposes both requests for relief.

In Bruton, the United States Supreme Court held that the admission of a non-testifying co-defendant's confession that implicates other co-defendants violates the Sixth Amendment's confrontation clause. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); see also United States v. Jass, 569 F.3d 47, 55 (2d Cir. 2009) ("The crux of [the Confrontation Clause] is that the government cannot introduce at trial statements containing accusations against the defendant unless the accuser takes the stand against the defendant and is available for cross examination."). Preclusion, however, is not required when the statement can be sufficiently sanitized through redaction. Jass, 569 F.3d at 61.

> Redactions and substitutions can avoid Bruton error if the altered statement uses words "that might actually have been

> said by a person admitting his own culpability in the charged conspiracy while shielding the specific identity of his confederate." Along these lines, we have previously allowed proper names to be replaced with the following terms (among others): "another person," "others," "other people," and "another person,"; the pronoun "he,"; "this guy," "another guy," and "similar language,"; and "friend."

United States v. Taylor, 745 F.3d 15, 28-29 (2d Cir. 2014) (citations omitted).

Here, the government represents that it will redact any mention of "Zo" and any other names or nicknames of the defendants before offering the letter into evidence. (Docket No. 656, p. 2.) The government is aware of its obligations in this regard, and this Court has previously recognized the government's pledge not to create Bruton issues. See United States v. Rounds, 10-CR-239S, 2015 WL 5918372, at *4 (W.D.N.Y. Oct. 9, 2015). Although Hunt may disagree whether redactions will be effective, it is premature to rule on this issue with the government yet having offered any statements or redactions. Again, all counsel are on notice to avoid causing Bruton issues. See id. This Court will resolve any further Bruton issues at trial. Hunt's motion to preclude Stewart's letter to A.T. is denied.

Hunt's alternative request for severance from Stewart is also denied. Multiple defendants may properly be joined in an indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). But even if properly joined, defendants may be severed if joinder results in prejudice to a defendant or the government. FED. R. CRIM. P. 14(a). In such a case, the court may provide any relief that justice requires, including ordering separate trials of counts or severing the defendants' trials. Id. But "a district court should grant a severance under Rule 14 only if

there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

At this time, Hunt has not demonstrated prejudice arising from introduction of the letter into evidence that "would be so great as to deprive him of his right to a fair trial," particularly given that the letter will be redacted to avoid Bruton error. United States v. Casamento, 887 F.2d 1141, 1149 (2d Cir. 1989). Moreover, there is no indication that the introduction of this letter—which with proper redactions will principally implicate Stewart—will prevent the jury from returning a reliable verdict against Hunt. Consequently, this Court finds no cause to sever Hunt's trial from Stewart's based on possible spillover prejudice. Hunt's motion for severance is therefore denied.

## IV. CONCLUSION

For the reasons stated above, Hunt's third motion in limine is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant Lorenzo Hunt's Third Motion in Limine (Docket No. 650) is DENIED.

SO ORDERED.

Dated:     October 26, 2015
           Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge

4