UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                              **DECISION AND ORDER**
                                        10-CR-239S (4)

LORENZO HUNT,

                Defendant.

Presently before this Court is Defendant Lorenzo Hunt's fourth motion in limine seeking preclusion of the rifle alleged to be the murder weapon in the Shawn Kozma killing. (Docket No. 671.)  For the reasons that follow, Hunt's motion is denied.

Familiarity with the facts and underlying arguments is presumed.  See, e.g., United States v. Hunt, No. 10-CR-239S, 2015 WL 6473604 (W.D.N.Y. Oct. 26, 2015); United States v. Rounds, No. 10-CR-239S, 2015 WL 5918372 (W.D.N.Y. Oct. 9, 2015).

Hunt seeks an order precluding the government from offering any evidence or testimony concerning the rifle as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence.  Hunt's motion is based on new DNA test results that exclude him as a contributor to the DNA swab taken from the rifle and rifle sling.[1]  In the absence of physical or scientific evidence connecting him to the rifle, Hunt argues that whatever probative value the rifle may have is substantially outweighed by the danger of unfair prejudice. Alternatively, Hunt requests that this Court reserve ruling on his motion until later in the trial in order to fully assess whether the probative value of the rifle is substantially outweighed by the danger of unfair prejudice.

The government opposes Hunt's motion and argues that the lack of physical or

---

[1] Previous DNA test results concluded that Hunt could not be excluded from the swab.

scientific evidence does not render the introduction of the rifle at trial unfairly prejudicial. According to the government, it will present direct testimony from witness A.T. that connects Hunt to the rifle, which was discovered in Hunt's mother's garage. In the government's view, this testimony will be highly probative of Hunt's involvement in Kozma's murder. The government proffers that A.T. will testify as follows:

> [A.T.] will testify that the weapon found at the defendant's mother's house was the weapon that the defendant used to shoot Shawn Kozma. A.T. will be able to specifically identify this weapon as the weapon owned by him, given to the defendant, and used by the defendant to shoot Kozma. A.T. specifically knows this weapon because he was the one who purchased it, stored it, and retrieved it, along with the defendant, on the night of the Kozma murder. Further, A.T. will testify that once he gave the weapon to the defendant, the defendant wiped it down indicating the defendant's desire not to leave any of his evidence on the weapon.

(Docket No. 672, pp. 4-5.)

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." FED. R. EVID. 401. Under Rule 403, a court may exclude evidence, even though relevant, if its probative value is substantially outweighed by a danger of unfair prejudice.

Having reviewed the parties' arguments, this Court finds no basis to grant Hunt's request for preclusion. The absence of physical or scientific evidence does not render the rifle or testimony concerning it inadmissible. Nor is Hunt's contention that A.T. lacks credibility reason to preclude the rifle. Both of these points may be fertile ground for argument or cross-examination, but neither is a basis for preclusion. A.T.'s testimony, as proffered, is both relevant and probative. Contrary to Hunt's argument, the lack of physical

or scientific evidence does not make introduction of the rifle into evidence unfairly prejudicial. Consequently, Hunt's motion to preclude the rifle, or in the alternative to defer ruling, is denied.

   IT HEREBY IS ORDERED, that Defendant Lorenzo Hunt's Fourth Motion in Limine (Docket No. 671) is DENIED.

   SO ORDERED.

Dated:     November 3, 2015
           Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge